SEYFARTH SHAW LLP
Jasmine Stanzick (SBN 354704)
jstanzick@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:(310) 201-5219

Attorneys for Defendant
MERIDIANLINK, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN WATSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERIDIANLINK, INC.,<br><br>　　　　　Defendant. | Case No. 8:26-cv-00951-DOC-KES<br><br>**DEFENDANT MERIDIANLINK WHOLESALE DATA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

Defendant MeridianLink Wholesale Data, LLC (incorrectly identified in the Complaint as "MeridianLink, Inc.") ("Defendant" or "MeridianLink"), by and through its counsel, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint, and asserts its affirmative and other defenses as follows:

## **INTRODUCTION**

## **COMPLAINT ¶1:**

This is an individual action for damages, costs, and attorney's fees brought against Defendant pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA").

1

326356627v.1

**ANSWER:**

Defendant admits only that Plaintiff purports to bring an action for alleged damages pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Defendant denies all remaining allegations in Paragraph 1 of the Complaint, and specifically denies that it is a Consumer Reporting Agency under the FCRA and denies that it violated the FCRA or any other law.

**COMPLAINT ¶2:**

Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes these consumer reports to employers who use the reports to make decisions regarding whether to offer employment to certain consumers.

**ANSWER:**

Defendant denies the allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

Defendant falsely published and sold to non-party Applicant in response to a request from non-party Applicant for information strictly pertaining to Plaintiff, inaccurate information that Defendant negligently associated with Plaintiff, , which led to non-party Applicant reselling and publishing to Plaintiff's current employer that Plaintiff was convicted of a number of felonies, misdemeanors, and driving infractions. Defendant negligently published inaccurate information to non-party Applicant information that was grossly inaccurate and untrue.

**ANSWER:**

Defendant denies the allegations in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

Defendant negligently sold a consumer report containing inaccurate information purporting to be about Plaintiff to non-party Applicant.

**ANSWER:**

Defendant denies the allegations in Paragraph 4 of the Complaint.

ANSWER TO COMPLAINT

326356627v.1

**COMPLAINT ¶5:**

Plaintiff has never been charged with a violent crime, nor has he ever been convicted of a felony in his life.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 5 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

Specifically, Defendant sold a consumer report containing inaccurate information purporting to be about Plaintiff but proving to be information of multiple other consumers to non-party Applicant which led non-party Applicant to affiliate criminal records of those other people with Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

Due to non-Party Applicant's consumer report, which included information from Defendant's consumer report, Plaintiff's employer rescinded Plaintiff's job offer receiving a consumer report from non-party Applicant, which included inaccurate criminal records, which do not belong to Plaintiff, because Defendant negligently reported inaccurate information to non-party Applicant, which led to the criminal records being affiliated with Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 7 of the Complaint.

**COMPLAINT ¶8:**

Had Defendant performed even a cursory review of the personally identifiable information provided by non-party Applicant as its search criteria, Defendant would have discovered that the information it sold and published in a consumer report about Plaintiff to non-party Applicant included the personally identifiable information of several other

ANSWER TO COMPLAINT

326356627v.1

people, who are wholly distinguishable from Plaintiff by their middle names, race, dates of birth, Social Security Numbers, and address history.

**ANSWER:**

Defendant denies the allegations in Paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

Defendant does not employ reasonable procedures to ensure the maximum possible accuracy of the information it reports regarding consumers. Defendant's failure to employ reasonable procedures resulted in Plaintiff's report being grossly inaccurate.

**ANSWER:**

Defendant denies that it is a Consumer Reporting Agency under the FCRA and denies that 15 U.S.C. § 1681e(b) applies to it. Defendant further denies the remaining allegations in Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

Defendant committed these violations pursuant to its standard policies and practices, which harm innocent consumers by prejudicing their employers and prospective employers with inaccurate criminal record information.

**ANSWER:**

Defendant denies the allegations in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

Defendant's inaccurate report cost Plaintiff a good paying job and job security.

**ANSWER:**

Defendant denies the allegations in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

As a result of Defendant's violations of the FCRA, CCRAA, and ICRAA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting;

326356627v.1

damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**ANSWER:**

Defendant denies the allegations in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Alternatively, Defendant was negligent in that it owed a duty of care, which it breached, and ultimately caused Plaintiff's damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

Alternatively, as a result of Defendant's negligence, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment, wages, and benefits; loss of economic opportunities and positions and advancements in the future; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment. As a result of Defendant's conduct, action, and inaction, Plaintiff brings claims against Defendant for failing to follow reasonable procedures to assure maximum possible accuracy based on 15 U.S.C. § 1681e(b) of the FCRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 14 of the Complaint.

**PARTIES**

**COMPLAINT ¶15:**

Justin Watson ("Plaintiff" or "Mr. Watson") is a natural person residing in Columbia, Missouri and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

**ANSWER:**

Defendant admits that Plaintiff is a natural person.  Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph

5

326356627v.1

15 of the Complaint and, on that basis, denies the remaining allegations contained therein.

**COMPLAINT ¶16:**

Defendant Meridianlink, Inc. ("Defendant" or "Meridianlink") is a corporation doing business throughout the United States, in this District and Division, and has a principal place of business located in 1 Venture, Suite 235, Irvine, CA.

**ANSWER:**

Defendant admits the allegations in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Meridianlink is a "consumer reporting agency" ("CRA") as defined in 15 U.S.C. § 1681a(f). Meridianlink is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) for employment purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

**ANSWER:**

Defendant denies the allegations in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

Among other things, Defendant sells consumer reports to employers directly or through other CRAs for their use in deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

**ANSWER:**

Defendant denies the allegations in Paragraph 18 of the Complaint.

ANSWER TO COMPLAINT

326356627v.1

## JURISDICTION AND VENUE

**COMPLAINT ¶19:**

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Defendant admits that this Court may exercise subject matter jurisdiction. Defendant denies any remaining allegations in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00. Plaintiff is a citizen of the State of Missouri. Defendant is a limited liability corporation incorporated under the laws of Delaware, with its principal place of business in California.

**ANSWER:**

Defendant states that this is a legal conclusion which is not subject to denial or admission.

**COMPLAINT ¶21:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**ANSWER:**

Defendant admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Defendant states that the remaining allegations in Paragraph 21 of the Complaint involve a legal conclusion which is not subject to denial or admission.

326356627v.1

## STATUTORY BACKGROUND

**COMPLAINT ¶22:**

Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

**ANSWER:**

Defendant is not a Consumer Reporting Agency and does not prepare consumer reports under the FCRA. Defendant further states that the statutory provisions referenced by this paragraph speak for themselves, and Defendant denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.  Defendant denies all remaining allegations in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

**ANSWER:**

Defendant is not a Consumer Reporting Agency and does not prepare consumer reports under the FCRA. Defendant further states that the statutory provisions referenced by this paragraph speak for themselves, and Defendant denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.  Defendant denies any remaining allegations in Paragraph 23 of the Complaint.

ANSWER TO COMPLAINT

326356627v.1

**COMPLAINT ¶24:**

Congress, concerned about inaccuracies in consumer reports, specifically required consumer reporting agencies to follow "reasonable procedures to assure maximum possible accuracy" in consumer reports. 15 U.S.C. § 1681e(b).

**ANSWER:**

Defendant is not a Consumer Reporting Agency and does not prepare consumer reports under the FCRA. Defendant further states that the statutory provisions referenced by this paragraph speak for themselves, and Defendant denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.  Defendant denies any remaining allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Consumer reports that contain factually incorrect information which does not belong to the consumer at issue are neither maximally accurate nor fair to the consumers who are the subjects of such reports.

**ANSWER:**

Defendant is not a Consumer Reporting Agency and does not prepare consumer reports under the FCRA. Defendant further states that the statutory provisions referenced by this paragraph speak for themselves, and Defendant denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.  Defendant denies any remaining allegations in Paragraph 25 of the Complaint.

**THE FCRA'S PROTECTIONS FOR EMPLOYEES**

**COMPLAINT ¶26:**

Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it also regulates employment background check reports like the one Defendant prepared in Plaintiff's name.

9

326356627v.1

**ANSWER:**

Defendant denies that it is a Consumer Reporting Agency under the FCRA and denies that it prepares consumer reports under the FCRA. Defendant further states that the FCRA speaks for itself, and Defendant denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the FCRA. Defendant denies any remaining allegations in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

The FCRA provides a number of protections for employees who are the subject of background checks for purposes of employment, housing, and other purposes.

**ANSWER:**

Defendant is not a Consumer Reporting Agency and does not prepare consumer reports under the FCRA. Defendant further states that the FCRA speaks for itself, and Defendant denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the FCRA.  Defendant denies any remaining allegations in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

In the parlance of the FCRA, background checks are "consumer reports," and providers of background checks, like Defendant, are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d) and (f).

**ANSWER:**

Defendant denies the allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

The FCRA imposes duties on consumer reporting agencies to assure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

ANSWER TO COMPLAINT

326356627v.1

**ANSWER:**

Defendant is not a Consumer Reporting Agency and does not prepare consumer reports under the FCRA. Defendant further states that the statutory provisions referenced by this paragraph speak for themselves, and Defendant denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.  Defendant denies any remaining allegations in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

**ANSWER:**

Defendant is not a Consumer Reporting Agency and does not prepare consumer reports under the FCRA. Defendant further states that the statutory provisions referenced by this paragraph speak for themselves, and Defendant denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.  Defendant denies any remaining allegations in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

Defendant disregarded its duties under the FCRA with respect to Plaintiff's background check report.

**ANSWER:**

Defendant denies the allegations in Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

Over the past 15 years, there has been increased collection and aggregation of consumer data, including criminal records and sex offender registration data. As a result of the increasing availability of this data, there has been a boom in the background check industry.

11

326356627v.1

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 32 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

As summarized in a recent report by the Consumer Financial Protection Bureau[1], a 2018 survey of employers found that 95 percent of employers surveyed conducted one or more types of background screening. CFPB Report at 4.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 33 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶34:**

The criminal background check industry takes in revenues in excess of three billion dollars, annually.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 34 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

Criminal background checks are generally created by running automated searches through giant databases of aggregated criminal record data. The reports are created and disseminated with little to no manual, in-person review, and the underlying court records are rarely directly reviewed in creating criminal background checks.

---

[1] CFPB, Market Snapshot: Background Screening Reports (Oct. 2019), https://files.consumerfinance.gov/f/documents/201909_cfpb_market-snapshot- background-screening_report.pdf ("CFPB Report").

12

ANSWER TO COMPLAINT

**ANSWER:**

Defendant is not a Consumer Reporting Agency and does not prepare consumer reports under the FCRA. Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 35 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶36:**

Criminal background check companies collect millions of criminal records from a number of sources with data from county, state, and federal level sources, and including from Defendant. The data included on the reports is often not obtained directly from court records on an individual basis but instead is purchased in bulk or scraped from court websites.

**ANSWER:**

Defendant is not a Consumer Reporting Agency and does not prepare consumer reports under the FCRA. Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 36 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶37:**

Given that Defendant is in the business of selling consumer reports, Defendant should be well aware of the FCRA and the attendant harm to consumers for reporting inaccurate or outdated information.

**ANSWER:**

Defendant denies the allegations in Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

Defendant places its business interests above the rights of consumers and reports such inaccurate information because it is cheaper for Defendant to produce reports containing information that is inaccurate and incomplete than it is for Defendant to exert proper quality control over the reports prior to their being provided to Defendant's customers.

326356627v.1

**ANSWER:**

Defendant denies the allegations in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

Defendant reports such erroneous and incomplete information because it wants to maximize the automation of its report creation process, thereby saving the costs associated with conducting the additional review necessary to remove the inaccurate or out-of-date entries.

**ANSWER:**

Defendant denies the allegations in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

Defendant charges its customers the same price for reports that are grossly inaccurate, as it does for accurate reports.

**ANSWER:**

Defendant denies the allegations in Paragraph 40 of the Complaint.

<strong><u>FACTUAL ALLEGATIONS</u></strong>

**COMPLAINT ¶41:**

In or around September 2024, Plaintiff applied for part-time employment as a Registered Behavioral Specialist ("RBT") with Gifted Futures.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 41 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶42:**

On or about September 12, 2024, Gifted Futures extended a job offer to Plaintiff for the position to which he applied. The job offer was conditioned upon Plaintiff passing a background check ("consumer report.")

14

326356627v.1

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 42 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶43:**

Plaintiff accepted the job offer and authorized the background check. Plaintiff had worked for Gifted Futures in the past and didn't anticipate any issues with his background check report this time around.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 43 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶44:**

Plaintiff began the training/onboarding process with Gifted Futures  immediately.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 44 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

Gifted Futures contracted with a non-party Applicant to conduct periodic background checks, including criminal background checks, on its employees.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 45 of the Complaint and, on that basis, denies the allegations contained therein.

ANSWER TO COMPLAINT

326356627v.1

**COMPLAINT ¶46:**

Upon information and belief, non-party Applicant contracts with Defendant Meridianlink to obtain information about consumers, including personal identifying information so that criminal records can be obtained by non-party Applicant.

**ANSWER:**

Defendant admits that it has provided data to Applicant under the terms and limitations of a contractual relationship. Defendant denies the remaining allegations in Paragraph 46 of the Complaint.

**COMPLAINT ¶47:**

On or about September 14, 2024, Gifted Futures ordered a criminal background check on Plaintiff from non-party Applicant, who then ordered information from Defendant, including personal identifying information.

**ANSWER:**

Defendant admits that it has provided data to Applicant under the terms and limitations of a contractual relationship.  Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 47 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶48:**

Defendant knew or had reason to know that non-party Applicant requested information about Plaintiff to be resold to Plaintiff's employer.

**ANSWER:**

Defendant denies the allegations in Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

On or about September 14, 2024, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and sold the same to non-party Applicant, who then published the report to Gifted Futures.

16

ANSWER TO COMPLAINT

326356627v.1

**ANSWER:**

Defendant denies the allegations in Paragraph 49 of the Complaint, and specifically denies that it prepared a consumer report regarding Plaintiff.

**COMPLAINT ¶50:**

Within that consumer report, Defendant negligently published inaccurate information about Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 50 of the Complaint, and specifically denies that it prepared a consumer report regarding Plaintiff.

**COMPLAINT ¶51:**

Specifically, Defendant's consumer report about Plaintiff negligently included inaccurate information about Plaintiff. In turn, non-party Applicant used information contained in Defendant's consumer report and resold that information to Plaintiff's employer. Non-Party Applicant's consumer report about Plaintiff to Plaintiff's employer included five grossly inaccurate and stigmatizing misdemeanor and felony convictions from Christian County, Missouri, Jefferson County, Missouri, and Richland County, South Carolina which appeared in the consumer report as follows:

**ANSWER:**

Defendant denies the allegations in Paragraph 51 of the Complaint, and specifically denies that it prepared a consumer report regarding Plaintiff.

**COMPLAINT ¶52:**

The criminal convictions and traffic violation reported by Defendant about Plaintiff do not belong to Plaintiff.

**ANSWER:**

Defendant denies that it prepared a consumer report regarding Plaintiff and, on that basis, denies the allegations in Paragraph 52 of the Complaint.

17

326356627v.1

**COMPLAINT ¶53:**

Plaintiff has never been charged with a violent crime or convicted of a felony in his life.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 53 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶54:**

Defendant negligently published inaccurate information, to non-party Applicant in response to a request for information about Plaintiff that Defendant knew or had reason to know would be resold by non-party Applicant to Plaintiff's employer. Defendant's published inaccurate information led to non-party Applicant associating criminal record information of consumers that are not Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 54 of the Complaint, and specifically denies that it prepared a consumer report regarding Plaintiff.

**COMPLAINT ¶55:**

A cursory review of the consumer report published by Defendant allegedly about Plaintiff to non-party Applicant confirms that Defendant published to non-party Applicant personally identifiable information related to three unrelated males, Justin Allen Watson ("Convicted Felon Allen Watson"), Justin John Watson ("Misdemeanant John Watson"), and Justin Demetri Watson ("Unrelated Individual Demetri Watson"), Collectively the ("Unrelated Consumers").

**ANSWER:**

Defendant denies the allegations in Paragraph 55 of the Complaint.

18

326356627v.1

**COMPLAINT ¶56:**

The discrepancies on the face of the report published to non-party Applicant by Defendant which should have caused Defendant to realize Plaintiff is not the same person as any of the Unrelated Consumers include the following:

(a)    Plaintiff's legal name is "Justin Anthony Watson," and the records for 16CT-CR00764-01, 20183440254095, and 2022TRD01385 belong to a "Justin Allen Watson," "Justin Demetri Watson," and "Justin John Watson," respectively, which is both clearly indicated on the face of the employment report, the search criteria provided by non-party Applicant to Defendant, and in the widely available public records from the originating courts;

(b)    Plaintiff's date of birth which was provided to Defendant prior to publishing the subject consumer report, is June 1991, yet the public court records indicate that Justin Allen Watson was born in November 1991, and Justin Demetri Watson was born May 1991, and Justin John Watson was born January 1991;

(c)    Upon information and belief, Plaintiff's Social Security number, provided to Defendant which is contained on the face of the subject consumer report and in the search criteria provided by non-party Applicant to Defendant, is entirely different than that of the Unrelated Consumers;

(d)    Further, the public court records from Christian County, Missouri clearly identify Justin Allen Watson as a white male. Plaintiff is a Black male; and,

(e)    Plaintiff has different address histories than the Unrelated Consumers provided to Defendant is contained on the face of the subject consumer report and in the search criteria provided by non-party Applicant to Defendant.

19

326356627v.1

**ANSWER:**

Defendant denies the allegations in Paragraph 56 of the Complaint, and specifically denies that it is a Consumer Reporting Agency and denies that it prepares consumer reports under the FCRA.

**COMPLAINT ¶57:**

The sole reason the inaccurate criminal records were reported as belonging to Plaintiff was that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information, including personally identifiable information, sold and published within the consumer report about Plaintiff to non-party Applicant.

**ANSWER:**

Defendant denies the allegations in Paragraph 57 of the Complaint, and specifically denies that it is a Consumer Reporting Agency and denies that it prepares consumer reports under the FCRA.

**COMPLAINT ¶58:**

Had Defendant followed reasonable procedures, it would have discovered that the information it published to non-party Applicant belonged to at least three other consumers with different middle names, dates of birth, race, Social Security Number, and address history than Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 58 of the Complaint, and specifically denies that it is a Consumer Reporting Agency and denies that it prepares consumer reports under the FCRA.

**COMPLAINT ¶59:**

Defendant was the source of the inaccurate information, including personally identifiable information, which was then used to affiliate Plaintiff with criminal records of others that were published to Plaintiff's prospective employer.

20

326356627v.1

**ANSWER:**

Defendant denies the allegations in Paragraph 59 of the Complaint.

**COMPLAINT ¶60:**

In preparing and selling a consumer report about Plaintiff, wherein inaccurate information about Plaintiff, including led to affiliation and publication of criminal record information of another was published to Plaintiff's employer, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**

Defendant denies the allegations in Paragraph 60 of the Complaint, and specifically denies that it is a Consumer Reporting Agency and denies that it prepares consumer reports under the FCRA.

**COMPLAINT ¶61:**

Alternatively, in preparing and selling a consumer report about Plaintiff, wherein Defendant published to non-party Applicant for resale to Plaintiff's prospective employer personally identifiable information about Plaintiff which led to associating Plaintiff with criminal record information of others, Defendant breached its duty of care and caused Plaintiff's prospective employer to rescind his employment offer.

**ANSWER:**

Defendant denies the allegations in Paragraph 61, and specifically denies that it is a Consumer Reporting Agency and denies that it prepares consumer reports under the FCRA.

**COMPLAINT ¶62:**

On or about September 15, 2024, Plaintiff was notified by Gifted Futures that his job offer was revoked as a direct result of the traffic violation, misdemeanor, and felony convictions reported by non-party Applicant in reliance upon and due to Defendant's negligent publication to non-party Applicant of inaccurate information, including personal identifying information.

21

326356627v.1

**ANSWER:**

Defendant denies the allegations in Paragraph 62 of the Complaint insofar as they allege that Defendant prepared a consumer report regarding Plaintiff or acted unlawfully in any manner.  Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 62 of the Complaint and, on that basis, denies the remaining allegations contained therein.

**COMPLAINT ¶63:**

Shortly thereafter, Plaintiff obtained a copy of the subject consumer report and was shocked and humiliated upon reviewing and realizing that the serious criminal convictions and traffic violation of three wholly unrelated consumers were published in the consumer report non-party Applicant sold about Plaintiff to Gifted Futures.

**ANSWER:**

Defendant denies the allegations in Paragraph 63 of the Complaint insofar as they allege that Defendant prepared a consumer report regarding Plaintiff or acted unlawfully in any manner.  Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 63 of the Complaint and, on that basis, denies the remaining allegations contained therein.

**COMPLAINT ¶64:**

Plaintiff was very upset to learn that the criminal records belonging to unrelated consumers which were affiliated with him in the report non-party Applicant were published to his employer because Defendant negligently published inaccurate information, which in turn led to non-party Applicant affiliating Plaintiff with the criminal records of at least three other people.

**ANSWER:**

Defendant denies the allegations in Paragraph 64 of the Complaint, and specifically denies that it prepared a consumer report regarding Plaintiff or acted unlawfully in any manner.

22

ANSWER TO COMPLAINT

326356627v.1

**COMPLAINT ¶65:**

Plaintiff was deeply disturbed by the records reported – particularly the nature of the crimes suggesting violence. Plaintiff was beside himself with despair at learning that Defendant had reported such inaccurate and inflammatory information about him which led non-party Applicant to affiliate Plaintiff with those records and publish those records to Plaintiff's employer.

**ANSWER:**

Defendant denies the allegations in Paragraph 65 of the Complaint, and specifically denies that it prepared a consumer report regarding Plaintiff or acted unlawfully in any manner.

**COMPLAINT ¶66:**

Plaintiff was also confused that Defendant was reporting his address/city as 'Brookline,' 'Youngstown', , and/or 'Hepzibah' which are not the cities where he resides.

**ANSWER:**

Defendant denies the allegations in Paragraph 66 of the Complaint, and specifically denies that it prepared a consumer report regarding Plaintiff or acted unlawfully in any manner.

**COMPLAINT ¶67:**

Plaintiff cannot fathom how Defendant so inaccurately reported information about him to non-party Applicant by going so far as to confuse him with completely different and differently named consumers from whom he has distinguishable personally identifiable information.

**ANSWER:**

Defendant denies the allegations in Paragraph 67 of the Complaint insofar as they allege that Defendant prepared a consumer report regarding Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 67 of the Complaint and, on that basis, denies the remaining allegations contained therein.

23

326356627v.1

**COMPLAINT ¶68:**

Plaintiff contacted Gifted Futures and informed them that they reported records that did not belong to him.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 68 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶69:**

Plaintiff was very panicked, confused, and concerned about the impact of the criminal records of the Unrelated Consumers reported on the subject consumer report – specifically, the impact of the same on his future as well as his employment with Gifted Futures.

**ANSWER:**

Defendant denies the allegations in Paragraph 69 of the Complaint insofar as they allege that Defendant prepared a consumer report regarding Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 69 of the Complaint and, on that basis, denies the remaining allegations contained therein.

**COMPLAINT ¶70:**

Specifically, Defendant prepared and sold a consumer report about Plaintiff which included the personally identifiable information belonging to at least three other people and published records belonging to those individuals in a report about Plaintiff to non-party Applicant as if it were Plaintiff's personally identifiable information. Defendant knew or had reason to know that non-party Applicant would in turn affiliate Plaintiff with those records and publish the same onto the consumer report about Plaintiff to Plaintiff's prospective employer. Those inaccurate criminal records were published to Plaintiff's prospective employer. This obvious fact that none of the personally identifiable information provided to Defendant about Plaintiff by non-party Applicant matched the

24

326356627v.1

personally identifiable information belonging to those other consumers was available to Defendant prior to publishing Plaintiff's consumer report, but Defendant failed to perform even a cursory review of such information, which was not only negligent, but reckless.

**ANSWER:**

Defendant denies the allegations in Paragraph 70 of the Complaint, and specifically denies that it is a Consumer Reporting Agency and denies that it prepares consumer reports under the FCRA.  Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations pertaining to Applicant's alleged report and, on that basis, denies the remaining allegations contained therein.

**COMPLAINT ¶71:**

On October 17, 2024, desperate to salvage the employment opportunity with Gifted Futures and riddled with worry over the far-reaching impacts of being confused with the other consumers, Plaintiff informed Gifted Futures about the inaccurate information via email.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 71 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶72:**

On October 18, 2024, Gifted Futures responded to Plaintiff's email and told him that if he could prove the criminal records were not his, it would reconsider its decision and reinstate Plaintiff's job offer.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 72 of the Complaint and, on that basis, denies the allegations contained therein.

25

ANSWER TO COMPLAINT

326356627v.1

**COMPLAINT ¶73:**

On or about October 21, 2024, Gifted Futures contacted Plaintiff to inform him that they had determined that the records of the three other people did not belong to Plaintiff and reinstated the job offer to Plaintiff. However, the specific assignments that were originally offered to Plaintiff had since been reassigned and were no longer available. Making matters worse, the assignment available required Plaintiff to commute more than two hours away from home.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 73 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶74:**

Plaintiff was devastated. He very much wanted to work for Gifted Futures but he could not take on a two-hour commute. Accordingly, Plaintiff had to turn down the assignment.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 74 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶75:**

Plaintiff reasonably believes that due to Defendant's inaccurate reporting in the first instance, Gifted Futures reassigned the children that were located closer to Plaintiff which led to the newly assigned children now living well outside of Plaintiff's intended commute.

**ANSWER:**

Defendant denies the allegations in Paragraph 75 of the Complaint, and specifically denies that it prepared a consumer report regarding Plaintiff.

26

326356627v.1

**COMPLAINT ¶76:**

Defendant's false report cost Plaintiff a promising, well-paying job with Gifted Futures.

**ANSWER:**

Defendant denies the allegations in Paragraph 76 of the Complaint, and specifically denies that it prepared a consumer report regarding Plaintiff.

**COMPLAINT ¶77:**

Moreover, the position with Gifted Futures was for approximately twenty hours per week at the rate of $27.50 per hour with the chance to increase as time went on and developed rapport with the children he was helping. More importantly, Plaintiff was excited to work as a RBT because he was qualified to successfully perform the work, passionate about the field, and wanted to help children who would benefit from his skillset, Plaintiff is still trying to get back to the regular earnings he had prior to Defendant's inaccurate report.

**ANSWER:**

Defendant denies that it prepared a consumer report regarding Plaintiff. Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 77 and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶78:**

The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address.  Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

**ANSWER:**

Defendant denies the allegations in Paragraph 78 of the Complaint.

**COMPLAINT ¶79:**

As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of wages and benefits; loss of

ANSWER TO COMPLAINT

326356627v.1

economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**ANSWER:**

Defendant denies the allegations in Paragraph 79 of the Complaint.

**COMPLAINT ¶80:**

Alternatively, as a result of Defendant's negligence, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment, wages, and benefits; loss of economic opportunities and positions and advancements in the future; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**ANSWER:**

Defendant denies the allegations in Paragraph 80 of the Complaint.

### CLAIMS FOR RELIEF

**COUNT I**
**15 U.S.C. § 1681e(b)**

**COMPLAINT ¶81:**

Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

**ANSWER:**

Defendant incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶82:**

Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

28

ANSWER TO COMPLAINT

326356627v.1

**ANSWER:**

Defendant denies the allegations in Paragraph 82 of the Complaint.

**COMPLAINT ¶83:**

At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 83 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶84:**

At all times pertinent hereto, the above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**

Defendant denies the allegations in Paragraph 84 of the Complaint.

**COMPLAINT ¶85:**

Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

**ANSWER:**

Defendant denies the allegations in Paragraph 85 of the Complaint.

**COMPLAINT ¶86:**

As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and

29

326356627v.1

emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**ANSWER:**

Defendant denies the allegations in Paragraph 86 of the Complaint.

**COMPLAINT ¶87:**

Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

Defendant denies the allegations in Paragraph 87 of the Complaint.

**COMPLAINT ¶88:**

Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

Defendant denies the allegations in Paragraph 88 of the Complaint.

**COUNT II**
**Cal. Civ. Code § 1785.14**

**COMPLAINT ¶89:**

Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

**ANSWER:**

Defendant incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶90:**

Defendant is a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

30

ANSWER TO COMPLAINT

326356627v.1

**ANSWER:**

Defendant denies the allegations in Paragraph 90 of the Complaint.

**COMPLAINT ¶91:**

At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 91 of the Complaint and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶92:**

At all times pertinent hereto, the above-mentioned consumer report was a "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c).

**ANSWER:**

Defendant denies the allegations in Paragraph 92 of the Complaint.

**COMPLAINT ¶93:**

Defendant violated Cal. Civ. Code § 1785.14 by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

**ANSWER:**

Defendant denies the allegations in Paragraph 93 of the Complaint.

**COMPLAINT ¶94:**

As a result of Defendant's violations of the CCRAA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunity(ies), wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct her background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for

31

326356627v.1

enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**ANSWER:**

Defendant denies the allegations in Paragraph 94 of the Complaint.

**COMPLAINT ¶95:**

Defendant willfully violated Cal. Civ. Code § 1785.14 in that its conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31(a)(2). Alternatively, Defendant was negligent, entitling Plaintiff to recover under Cal. Civ. Code § 1785.31(a)(2).

**ANSWER:**

Defendant denies the allegations in Paragraph 95 of the Complaint.

**COMPLAINT ¶96:**

Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31(d).

**ANSWER:**

Defendant denies the allegations in Paragraph 96 of the Complaint.

**COUNT III**
**Cal. Civ. Code § 1786.20**

**COMPLAINT ¶124:**[sic]

Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

**ANSWER:**

Defendant incorporates the preceding answers as though the same were set forth at length herein.

32

ANSWER TO COMPLAINT

326356627v.1

**COMPLAINT ¶125:**

The ICRAA imposes additional duties on CRAs, like Defendant, who operate within the state of California or prepare consumer reports on consumers located within the state of California.

**ANSWER:**

Defendant denies the allegations in Paragraph 125 of the Complaint.

**COMPLAINT ¶126:**

The ICRAA requires CRAs, like Defendant, to maintain reasonable procedures to ensure they compile and disburse consumer information with maximum possible accuracy. Cal. Civ. Code § 1786.20(b).

**ANSWER:**

Defendant denies the allegations in Paragraph 126 of the Complaint.

**COMPLAINT ¶127:**

Defendant violated Cal. Civ. Code § 1686.20 by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background reports it published and maintained concerning Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 127 of the Complaint.

**COMPLAINT ¶128:**

As a result of Defendant's violations of the ICRAA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunity(ies), wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct her background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

33

326356627v.1

**ANSWER:**

Defendant denies the allegations in Paragraph 128 of the Complaint.

**COMPLAINT ¶129:**

Defendant's conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1786.50(a) and (b). Alternatively, Defendant was negligent, entitling Plaintiff to recover under Cal. Civ. Code § 1786.50(a)(1).

**ANSWER:**

Defendant denies the allegations in Paragraph 129 of the Complaint.

**COMPLAINT ¶130:**

Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1786.50(a)(2).

**ANSWER:**

Defendant denies the allegations in Paragraph 130 of the Complaint.

**COUNT IV**
**Negligence**

**COMPLAINT ¶97:**[sic]

Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

**ANSWER:**

Defendant incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶98:**

Plaintiff believes and alleges that Defendant owed various duties to Plaintiff pursuant to the FCRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 98 of the Complaint.

34

326356627v.1

**COMPLAINT ¶99:**

Specifically, Defendant owed a duty to Plaintiff with regard to information it published about Plaintiff to a third-party.

**ANSWER:**

Defendant denies the allegations in Paragraph 99 of the Complaint.

**COMPLAINT ¶100:**

Defendant knew or should have known the risks inherent to preparing and selling inaccurate consumer reports, including employment denial and employment loss.

**ANSWER:**

Defendant denies the allegations in Paragraph 100 of the Complaint.

**COMPLAINT ¶101:**

Defendant's conduct in publishing inaccurate information to a third-party about Plaintiff constitutes negligence. Defendant had a duty to act as would a reasonable CRA to follow reasonable procedures to assure the maximum possible accuracy of the information it reported concerning Plaintiff. Defendant breached that duty by publishing inaccurate information about Plaintiff to a third-party. As a proximate result of this breach of duty, Plaintiff suffered injuries. Those injuries resulted in monetary damages to Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 101 of the Complaint.

**COMPLAINT ¶102:**

Defendant breached its duty to Plaintiff through its conduct alleged herein in violation of the statutes at issue herein. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported concerning Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 102 of the Complaint.

35

ANSWER TO COMPLAINT

326356627v.1

**COMPLAINT ¶103:**

Plaintiff asserts that Defendant is the actual and legal cause of Plaintiff's injuries.

**ANSWER:**

Defendant denies the allegations in Paragraph 103 of the Complaint.

**COMPLAINT ¶104:**

Plaintiff alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered actual harm and actual damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 104 of the Complaint.

**COMPLAINT ¶105:**

As a result of Defendant's negligence, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**ANSWER:**

Defendant denies the allegations in Paragraph 105 of the Complaint.

**COMPLAINT ¶106:**

Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached its duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant

**ANSWER:**

Defendant denies the allegations in Paragraph 106 of the Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

i.    Actual Damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

36

326356627v.1

ii.   Statutory Damages for willful violations pursuant to § 1681n.

iii.   Punitive Damages pursuant to § 1681n for Defendants' willful and reckless disregard of Plaintiff's rights.

iv.   Attorney's Fees and Costs pursuant to §§ 1681n and 1681o.

v.   Actual Damages pursuant to Cal. Civ. Code § 1785.31(a)(1)–(2) in an amount to be proven at trial.

vi.   Statutory Damages pursuant to § 1785.31 for Defendants' willful violations of the CCRAA.

vii.   Punitive Damages pursuant to § 1785.31 for Defendants' willful, malicious, or reckless misconduct.

viii.   Injunctive Relief pursuant to § 1785.31, including but not limited to: a. ordering Defendant to immediately correct all inaccurate, incomplete, or misleading information regarding Plaintiff; b. enjoining Defendant from further furnishing, reporting, or re-furnishing of inaccurate or unverified information; c. requiring Defendants to remove or block disputed and unverified information already furnished.

ix.   Attorney's Fees and Costs pursuant to § 1785.31(a)(1)–(2).

x.   Any Other Relief the Court deems just and proper under § 1785.31(a)(2).

xi.   Actual Damages pursuant to Cal. Civ. Code § 1786.50 for injuries caused by Defendants' negligent or willful violations of the ICRAA, including credit harm, denial of employment, reputational injury, and emotional distress.

xii.   Statutory Damages for willful violations pursuant to Cal. Civ. Code § 1786.50.

xiii.   Punitive Damages pursuant to § 1786.50 for Defendants' willful, malicious, or reckless disregard of Plaintiff's rights.

xiv.   Attorney's Fees and Costs pursuant to § 1786.50(a)(2).

xv.   Injunctive Relief pursuant to the equitable powers incorporated into § 1786.50, including but not limited to: a. ordering Defendant to correct,

ANSWER TO COMPLAINT

326356627v.1

delete, or block inaccurate or unverified information; b. ordering Defendant to implement and follow reasonable procedures to assure accuracy; c. prohibiting Defendants from reporting information found to be inaccurate or unverified.

xvi.   Any Other Relief the Court deems just and proper under § 1786.50(a)(2) and applicable equitable principles.

xvii.  Such other and further relief as the Court deems just, proper, and equitable.

**ANSWER:**

Defendant denies that Plaintiff is entitled to any relief whatsoever against Defendant.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

**ANSWER:**

Defendant admits that Plaintiff demands a jury trial on all triable issues.

## **AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendant asserts the following affirmative and other defenses to the Complaint, and reserves its right to raise additional defenses as may be discovered during the course of these proceedings.

## **FIRST DEFENSE**

To the extent that Plaintiff has failed to mitigate his alleged damages, Plaintiff's recovery, if any, must be reduced accordingly.

ANSWER TO COMPLAINT

326356627v.1

## SECOND DEFENSE

Defendant is not a "consumer reporting agency," as that phrase is defined by the FCRA.

## THIRD DEFENSE

Defendant does not prepare "consumer reports," as that phrase is defined by the FCRA.

## FOURTH DEFENSE

Defendant was not the proximate cause of any damages allegedly suffered by Plaintiff.

## FIFTH DEFENSE

The one-satisfaction rule bars in whole or in part Plaintiff's claim for damages against Defendant.

## SIXTH DEFENSE

Defendant did not owe any legally recognizable duty to Plaintiff.

Respectfully submitted on June 10, 2026.       SEYFARTH SHAW LLP


By:            */s/Jasmine Stanzick*
                  Jasmine Stanzick
               Attorneys for Defendant
               MERIDIANLINK, INC.

39

ANSWER TO COMPLAINT

326356627v.1

## CERTIFICATE OF SERVICE

I hereby certify that, on June 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all counsel of record.

*/s/ Jasmine Jane Stanzick*
Jasmine Jane Stanzick

40

ANSWER TO COMPLAINT

326356627v.1